## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-99-2822 |
| | § | |
| RALPHAELL V. WILKINS | § | |
| and | § | |
| RITA L. FRILLARTE, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSEPH F. NISTICO, JR., | § | |
| M. MICAH KESSLER, | § | |
| NISTICO & CROUCH, P.C., | § | |
| and | § | |
| EDGAR A. GOLDBERG, | § | |
| | § | |
| Third-Party Defendants. | § | |

## MEMORANDUM AND ORDER

State Farm Automobile Insurance Co. has moved to confirm the bankruptcy court's

proposed findings and conclusions and judgment as to defendant Rita Frillarte.  (Docket

Entry No. 54).  Frillarte and codefendant Ralphaell V. Wilkins submitted a joint response.

(Docket Entry No. 55).  Based on the motion, response, the parties' submissions, and the

applicable law, this court GRANTS the motion to confirm, for the reasons stated below.

## I.    Background

This court's prior memorandum and order sets out the history of this dispute that is not necessary to detail here.  (Docket Entry No. 52).  Briefly, this is a "sudden-stop" collisions insurance fraud case that began in 1997 after alleged participants in the scheme sued State Farm in state court to recover auto insurance policy benefits.  State Farm counterclaimed, alleging that the insured plaintiffs' claim was fraudulent, perpetrated by an attorney, Wilkins, and his office manager, Frillarte (together, "defendants").  Wilkins filed for bankruptcy in 1998.  The bankruptcy court permitted State Farm's fraud and civil conspiracy claims to proceed.  In several amended complaints, State Farm alleged that Wilkins and Frillarte had presented over 150 fraudulent claims for personal injuries and property damage allegedly sustained in the staged collisions.  In the state court case, Wilkins filed a third-party claim alleging fraud, conspiracy, and abuse of process against the attorneys representing State Farm ("the Nistico Defendants") in both the state court fraud action and in Wilkins's bankruptcy action.  The Nistico Defendants removed to this court in 1999.  In 2000, this court denied Wilkins's motions to remand, for remand-related costs and expenses, and for sanctions against the Nistico Defendants.  This court then referred the case as an adversary proceeding to the bankruptcy court in which Wilkins's bankruptcy case was pending.  (Docket Entry No. 52).

In May 2004, the bankruptcy court issued a memorandum of decision and entered judgment against the debtor, Wilkins, and Frillarte.  The court found them jointly and severally liable to State Farm for actual economic damages in the amount of $1,880,876.60

and punitive damages of $1,000,000 each.  The bankruptcy court ruled that Wilkins could

not discharge this judgment in bankruptcy under 11 U.S.C. § 523(a)(2) and (a)(6).  (Docket

Entry No. 54, exhs. A–B).  Wilkins and Frillarte filed motions for a new trial.  The

bankruptcy court[1] issued a memorandum opinion and order in August 2004, (*id.*, exhs. C–D),

denying the motions for a new trial in all respects, save one.  The bankruptcy court stated:

> It appears that State Farm's claims against [Frillarte] were not a core
> proceeding within the meaning of the bankruptcy code.  In this Court's prior
> Memorandum of Decision, this Court made various findings and conclusions
> about [Frillarte] as agent of Debtor.  Those findings and conclusions are core
> proceedings only insofar as they related to establishing findings and
> conclusions and a Judgment against Debtor.  Although it is recognized that an
> agent can be individually liable for a tort or fraud he or she commits as an
> agent for another, the individual liability of the agent ([Frillarte] in the present
> instances) would not be a core proceeding for purposes of the bankruptcy court
> establishing individual liability against the agent, [Frillarte].

(Docket Entry No. 54, ex. C, at 5).  The bankruptcy court agreed with the earlier decision of

this court and concluded that it had "at a minimum, appropriate 'related to' jurisdiction" over

Frillarte under 28 U.S.C. 157(c)(1):

> A bankruptcy judge may hear a proceeding that is not a core proceeding but
> that is otherwise related to a case under title 11.  In such proceeding, the
> bankruptcy judge shall submit proposed findings of fact and conclusions of
> law to the district court, and any final order or judgment shall be entered by the
> district judge after considering the bankruptcy judge's proposed findings and
> conclusions and after reviewing de novo those matters to which any party has
> timely and specifically objected.

28 U.S.C.A. 157(c)(1) (West 2005).  Accordingly, and as to Frillarte alone, the bankruptcy

---

[1]

The parties tried the original adversary action in bankruptcy court before Judge
Greendyke.  Following his 2004 departure from federal service, Judge McGuire ruled on the
motions for a new trial.  (Docket Entry No. 54, ex. C, at 11–12).

court modified the previous final judgment to be a proposed final judgment.  The findings

of fact, conclusions of law, and holdings of the previous final judgment became proposed

findings, conclusions, and holdings as to Frillarte.  The bankruptcy court did not "in any

manner, modify the Findings, Conclusions, Holdings and Judgment against Ralphaell V.

Wilkins and the Memorandum Decision as to him."  (Docket Entry No. 54, ex. D).

State Farm moved to confirm the bankruptcy court's proposed findings, conclusions,

and judgment as to Rita Frillarte.  (Docket Entry No. 54).  Wilkins and Frillarte filed a joint

response.  (Docket Entry No. 55).

## II.    Analysis

State Farm argues that because "Frillarte never filed specific, written objections" to

the bankruptcy court's proposed rulings, that judgment "therefore became final once the

deadline for her to file objections had passed."  It filed its motion to confirm "to make the

finality of the Bankruptcy Court's rulings expressly clear on the record" and asks that this

court "formally acknowledge" those rulings.  (Docket Entry No. 54, p. 1–2).

Defendants dedicate the bulk of their joint response to rearguing whether the

bankruptcy court had jurisdiction over State Farm's claims against Wilkins.  (Docket Entry

No. 55, pp. 1–16).  This court's original referral to the bankruptcy court, Judge Greendyke's

May 28, 2004 Memorandum and Decision, and Judge McGuire's August 25, 2004

Memorandum Opinion all conclude that the bankruptcy court properly exercised jurisdiction

over State Farm's claims against Wilkins and Frillarte.  As to State Farm's motion to confirm

the proposed rulings against Frillarte, defendants insist they both "timely filed specific

objections challenging the propriety of the bankruptcy court's findings."  (Docket Entry No. 55, p. 16).  These "specific objections" refer to Wilkins's motion for a new trial, filed on June 7, 2004.  On the same day, Frillarte filed a two-page motion for a new trial in the bankruptcy court, in which she "adopts completely the specific objections and arguments contained in Wilkins' Motion for New Trial."  Frillarte added "that she has never expressly consented to this [Bankruptcy] Court having 'related-to' jurisdiction of the state-law claims made against her" by State Farm.  (Docket Entry No. 55, exh. 2).

As noted, section 157(c)(1) of the bankruptcy code requires a bankruptcy judge hearing a "non-core" proceeding under its "related to" jurisdiction to submit proposed findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1) ("[A]ny final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.").  Bankruptcy Rule 9033 establishes the procedure by which a district court reviews proposed findings of fact and conclusions of law in section 157(c)(1) "non-core" proceedings.

> (b) Objections: time for filing:  Within 10 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 10 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

BANKR. R. 9033(b).  Rule 9033(c) also permits the bankruptcy court to extend the deadline

for filing objections.  *See Hunt v. Parkway Transp., Inc.* 265 B.R. 561, 565 (W.D. Tex. 2001) (declining to exercise bankruptcy judge's power to extend deadline for submitting objections, but exercising equitable powers to consider and grant motion to extend deadline due to "confusion surrounding the due date for objections . . . in no small part created by the procedural complexity of the bankruptcy court's consideration of a motion for reconsideration").

As defendants appear to concede, Frillarte did not file specific objections to the bankruptcy court's proposed findings and conclusions.  Frillarte filed nothing after the bankruptcy court ruled on Wilkins's motion and Frillarte's (adopted) motion for a new trial and issued proposed rulings as to Frillarte.  Defendants have not moved to extend the deadline for filing objections to the bankruptcy court's proposed findings.  Instead, defendants' joint response asserts that Wilkins's motion for a new trial submitted to the bankruptcy court after it issued its initial memorandum and judgment are their "objections."

A careful review of the bankruptcy court decisions reveals that the bankruptcy court considered and largely rejected the arguments defendants presented in their motions for new trial.[2] Judge Greendyke specifically addressed defendants' arguments as to reliance and the statute of limitations.  Judge Greendyke also detailed the evidence on which he relied in assessing compensatory and punitive damages against both defendants.  Judge McGuire extensively analyzed defendants' jurisdictional arguments and found that the bankruptcy

---

[2]     The bankruptcy court, of course, agreed that the previous bankruptcy judge's rulings as to Frillarte should be modified to be proposed rulings.

court had core jurisdiction over State Farm's claims against Wilkins.  Following a detailed discussion of Fifth Circuit case law, Judge McGuire concluded that the bankruptcy court had proper "related to" jurisdiction over Frillarte.  In sum, the "objections" Wilkins raised and Frillarte "adopted" before the proposed finding and conclusions issued all concern arguments considered and rejected by the two prior bankruptcy court decisions.  The defendants have not filed written objections that "identify the specific proposed findings or conclusions objected to" or "state the grounds for such objection."  BANKR. R. 9033(b).  Defendants have not "arrange[d] promptly for the transcription of the record, or such portions of it as all parties may agree upon."  *Id.*  In the absence of specific objections, and on this record, there is no basis for this court to vacate the bankruptcy court's considered decisions.

Alternatively, State Farm has supplied persuasive case law holding that a failure to object to proposed findings and conclusions within the ten days provided by Bankruptcy Rule 9003 waives those objections on appeal.  *See In re Nantahala Vill., Inc.*, 976 F.2d 876 (4th Cir. 1992).  In *Nantahala*, a chapter 11 debtor sued a bank alleging breach of contract and fraud.  The district court referred the case to bankruptcy court and later adopted the bankruptcy court's recommendation that summary judgment be entered for the bank.  The court of appeals held that the debtor waived its right to appeal the district court's order adopting the bankruptcy court's recommendations by failing to object to those proposed findings and conclusions.  In holding that Bankruptcy Rule 9033 is mandatory, the Court of Appeals compared a similar provision in the Federal Magistrates Act, 28 U.S.C. §§ 631–639. *Id.* at 879–80.  Finding that the language of Bankruptcy Rule 9033(b) "is nearly identical to

that of Federal Rule of Civil Procedure 72(b)," the court stated:

> a bankruptcy court's proposed resolution should be given the same effect as a magistrate's proposed resolution as far as an adversely affected party's responsibilities are concerned.  Assistance to a district court by a bankruptcy court not only lessens the burden on a district court's docket but also reduces the time required to process controversies within the bankruptcy court. . . . It would make little sense to allow referral of non-core issues to a bankruptcy court for its initial consideration and then to allow litigants to ignore the recommendation to the district court.  The rule requires written objections to the bankruptcy court's recommendations to be filed within ten days, and judicial prudence counsels that the district court's efforts not be wasted by requiring it to start from scratch if there had been no referral.

*Id.* at 880.  The court then held that by not objecting to any part of the bankruptcy court's recommendation, the appellant "waived its right to present in this court consequent issues which it did not contest in the district court."  *Id; see also In re WBZE, Inc.*, 182 F.3d 912 (table), 1999 WL 486554, at *4 n.6 (4th Cir. July 12, 1999);

Defendants attempt to distinguish *Nantahala*, arguing that in that case, the debtor had not filed "any" objections.  As noted above, however, Wilkins and Frillarte have not filed objections to the proposed findings of fact and conclusions of law.  Defendants also claim that *Nantahala* is inconsistent with the Fifth Circuit's decision in *McGill v. Goff*, 17 F.3d 729, 732, *overruled on other grounds*, *Kansa Reinsurance Co., Ltd. v. Congressional Mort. Corp. of Tex.*, 20 F.3d 1368 (5th Cir. 1994).  In *McGill*, the appeals court dismissed as harmless the district court's adoption of a magistrate judge's report one day after its entry, in part because the appellants had "ample opportunity" to raise the district court's procedural error in the nine days before the court's judgment became final.  *McGill* does not, as defendants argue, "specifically [hold] that a party may file objections *after* the adoption of

8

the magistrate judge's recommendation by the district judge through post-judgment motions." (Docket Entry No. 55, p. 19) (emphasis in original). Defendants' other attempts to distinguish *Nantahala* are similarly unpersuasive.

By failing to provide written objections to the bankruptcy court's proposed findings and conclusions, Frillarte has waived those issues she did not contest. Even considering the arguments presented by Wilkins and adopted by Frillarte in the motions for new trial, Frillarte has not presented any basis for this court to reject the bankruptcy court's proposed findings and conclusions.

## III.   Conclusion

State Farm's motion for the entry of an order confirming the bankruptcy court's proposed findings and conclusions as to Frillarte is granted. Defendants' request to vacate the bankruptcy court orders is denied.

SIGNED on August 24, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge