# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-99-2822 |
| | § | |
| RALPHAELL V. WILKINS and | § | |
| RITA L. FRILLARTE, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSEPH F. NISTICO, JR., | § | |
| M. MICAH KESSLER, | § | |
| NISTICO & CROUCH, P.C., | § | |
| and EDGAR A. GOLDBERG, | § | |
| | § | |
| Third-Party Defendants. | § | |

## ORDER

Ralphaell V. Wilkins has filed a Motion for Protective Order, asserting attorney-client privilege to preclude discovery of certain documents State Farm has requested. (Docket Entry No. 101). State Farm has responded. (Docket Entry No. 105). After reviewing the motion and the response, the applicable law, and performing an *in camera* inspection of the documents, this court denies Wilkins's motion and orders that he produce the documents to State Farm for inspection and copying. The reasons are stated below.

**I.     Background**

State Farm has requested the production of three categories of documents from Wilkins's law practice — attorney's fee contracts between The Wilkins Law Firm, P.C., and its clients, settlement distribution sheets, and documents from The Wilkins Law Firm's trust accounts — on the basis that they contain information about the location and extent of Wilkins's assets, the sources and extent of Wilkins's income, the sources and extent of Wilkins's accounts receivable, the sources through whom Wilkins generate present income, the sources through whom Wilkins may be expected to generate future income, and the persons to whom Wilkins is transferring assets from his IOLTA account.

Wilkins argues that the documents State Farm seeks are confidential client communications protected by attorney-client privilege. He also claims that the Texas Disciplinary Rules, which require attorneys to maintain client confidences even beyond what a court will consider privileged, protect against discovery of these documents. *See, e.g.*, *Phoenix Founders, Inc. v. McClellan*, 887 S.W.2d 831, 834 (Tex. 1994) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(a)). Wilkins cites additional Texas attorney-disciplinary rules prohibiting disclosure of client confidential information, mandating certain disclosures and requirements for fee arrangements, and establishing procedures for preservation of client funds, in support of his privilege claim.

**II.    Analysis**

Texas privilege law governs postjudgment discovery in this case. FED. R. CIV. P. 59(a); *Dunn v. State Farm Fire & Cas. Co.*, 927 F.3d 869 (5th Cir. 1991). Texas courts have

follow the common-law rule that the identity of the client and fee arrangements ordinarily are not shielded from disclosure.  *See, e.g.*, *Duval County Ranch Co. v. Alamo Lumbar Co.*, 663 S.W.2d 627, 634 (Tex. App. – Amarillo 1983, writ ref'd n.r.e.).  This information can be considered privileged only if revealing the information would be tantamount to revealing the substance of otherwise privileged attorney-client communications.  *Compare In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991) (identity of the source of the client's attorney's fees held privileged) *with In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000) (client identity not privileged); *Montgomery County v. Microvote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (fee arrangement letter not privileged); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129–30 (9th Cir. 1992).  "Before a communication to an attorney is protected, it must appear that the communication was made by a client seeking legal advice from a lawyer in his capacity as such and the communication must relate to the purpose for which the advice is sought, and the proof, express or by circumstances, must indicate a desire in the client for confidence and secrecy."  *Duval County Ranch Co.*, 663 S.W.2d at 634 (citing *Ballard v. Ballard*, 296 S.W.2d 811, 816 (Tex. Civ. App.--Galveston 1956, no writ)).

This court's *in camera* review of the documents has not identified any otherwise privileged communications embedded within the financial records, settlement agreements, and retainer contracts.  The documents show the identity of the client and fee arrangements, but are not otherwise privileged.

Wilkins's request for a protective order is denied.

SIGNED on April 6, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge