**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-99-2822 |
| | § | |
| RALPHAELL V. WILKINS and | § | |
| RITA L. FRILLARTE, | § | |
| | § | |
| Defendants. | § | |

**ORDER FOR TURNOVER OF PROPERTY AND
FOR APPOINTMENT OF A RECEIVER**

State Farm Mutual Automobile Insurance Company applied for appointment of a receiver and master in chancery and for turnover after judgment. In accordance with the Memorandum and Order granting the application, this court appoints a receiver to take possession of and sell assets of Ralphaell V. Wilkins ("Wilkins") to satisfy the judgment rendered against Wilkins and orders that Wilkins must turn over his nonexempt property to the receiver.

This court appoints Steve Leonard Weltman, P.O. Box 2366, Sugar Land, TX 77487, as receiver in this case, under Texas Civil Practice and Remedies Code section 31.002, with the power and authority to take possession of all nonexempt property, real and personal, of Wilkins, including, but not limited to: (1) documents or records related to such property; (2) all financial accounts (bank accounts), certificates of deposit, money market accounts,

accounts held by any third party; (3) securities; (4) real property, equipment, vehicles, boats and planes; (5) safety deposit boxes or vaults; (6) cash; (7) negotiable instruments, including promissory notes, drafts and checks; (8) causes of action or contingent interests in causes of action; (9) contract rights whether present or future, including contingent fee interests in causes of action; and (10) accounts receivable. All such property will be held in the receiver's custody.

Steve Leonard Weltman is appointed as Master in Chancery under Rule 171, Texas Rules of Civil Procedure. Under that rule, he may exercise the powers provided, including, but not limited to the following:

1. Ordering the production before him of evidence, including documents, on matters pertaining to Wilkins's compliance with this Order, the assets, location of assets, value of assets, and other financial matters pertaining to Wilkins, including the amount of money that Wilkins may need on a periodic basis to continue his business or to provide for the necessities of life of himself and his dependants.

2. Scheduling hearings and directing parties and witnesses to give testimony at such hearings; deciding on witnesses to give testimony at such hearings; and ruling on the admissibility of evidence at such hearings.

3. Placing witnesses under oath and examining them.

Wilkins is hereby ordered to turn over to the receiver his nonexempt property,

including but not limited to the following:

1. The stock in corporations in which Wilkins has an interest, including but not limited to shares of the Wilkins Law Firm, P.C. in which Wilkins has an interest, along with correct copies of the books and records for the corporation over which Wilkins has custody or control.

2. Funds held in bank and brokerage operating accounts that Wilkins individually or through the Wilkins Law Firm, P.C., owns or in which he has an interest, including but not limited to the following accounts at Chase Bank:

   a. The personal checking account of Ralphaell V. Wilkins, ending in 2165.

   b. IOLTA Account of the Wilkins Law Firm, P.C., ending in 4765.

   c. Operating Account of the Wilkins Law Firm, P.C., ending in 4765.

   d. IOLTA Account of The Wilkins Law Firm, P.C., ending in 0965.

   e. IOLTA Account of Wilkins & Associates, ending in 3178.

   f. All subsequent deposits to these accounts that are subject to this Order, along with all documentation related to those deposits.

3. All checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts owned by or in the name of Wilkins.

4. All nonexempt checks, cash, securities, promissory notes, documents of title and contracts within three (3) days from Wilkins's receipt and possession of

such property, if, as and when Wilkins becomes in receipt and possession of any such property.

The receiver is authorized to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, and leased premises in which any property of Wilkins may be situated.

The receiver is directed and authorized to prepare a monthly accounting describing the value and disposition of the property obtained from Wilkins and to provide this accounting to State Farm and Wilkins.

A United States Marshal, Sheriff or Constable, and their deputies, are ordered to assist the receiver in carrying out his duties and exercising his powers and to prevent any person from interfering with the receiver in taking control and possession of Wilkins's property.

The receiver, Steve Leonard Weltman, is authorized to pay to himself as receiver's fees an amount equal to twenty-five percent of all proceeds coming into his possession, which the court finds is a fair, reasonable, and necessary fee for the receiver.  No receiver's fees exceeding twenty-five percent of all proceeds coming into his possession will be paid to the receiver unless an application is filed with and ruled on by this court, with notice and opportunity for hearing granted to State Farm and Wilkins.

The receiver is ordered to post a bond in the amount of $2,500 payable to this court and conditioned on his faithful discharge of his duties in accordance with this order. The receiver is further ordered to take the oath of office.

SIGNED on July 28, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge