IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-99-2822 |
| | § | |
| RALPHAELL V. WILKINS and | § | |
| RITA L. FRILLARTE, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND OPINION**

On July 28, 2008, this court entered an Order for Turnover and for Appointment of Receiver against the defendant, Ralphaell V. Wilkins. (Docket Entry No. 126). The plaintiff, State Farm Mutual Automobile Insurance Co., holds an unsatisfied $2.8 million damages judgment against Wilkins. The Order required the turnover of Wilkins's shares in the Wilkins Law Firm, P.C., and his contingent fee interests in cases and claims. The Order also appointed a receiver and master in chancery. Wilkins now moves for relief from this Order under Federal Rule of Civil Procedure 60, or in the alternative for a new trial. (Docket Entry No. 128). State Farm has responded to his motion. (Docket Entry No. 133).

Based on the motion and response, the parties' submissions, and the applicable law, the motion is denied. The reasons are explained below.

**I.     Background**

The factual and procedural background of this case is described in detail in this court's July 28, 2008 Order. Only the background relevant to the pending motion is summarized here.

This case arises from a "sudden-stop" collisions insurance fraud scheme, for which, in May 2004, Wilkins was found jointly and severally liable with a codefendant for actual damages in the amount of $1,880,876.60 and individually liable for punitive damages in the amount of $1,000,000. (Docket Entry No. 54, Exs. A-B). Wilkins's appeal to the Fifth Circuit was dismissed as untimely. (Docket Entry No. 88).

On April 8, 2008, State Farm filed an application for the turnover of Wilkins's nonexempt property under Section 31.002(b)(3) of the Texas Civil Practice & Remedies Code (the "turnover statute"). State Farm also sought the appointment of a receiver in aid of execution of the judgment. (Docket Entry No. 123). Wilkins responded, (Docket Entry No. 124), and State Farm replied, (Docket Entry No. 125).

This court granted State Farm's application, rejecting Wilkins's contention that he owns no shares in the Wilkins Law Firm. This court observed that Wilkins had offered strikingly inconsistent testimony on the ownership issue. This court concluded:

> Wilkins offers no explanation for these inconsistencies. He has not presented stock certificates, stock ledgers, bank statements, or other support for his affidavit statement that he no longer owns any shares in the firm and is not a signatory on any of the firm's bank accounts. . . . The only person Wilkins has ever identified as a shareholder in his firm is himself. Wilkins has refused to identify the location of shares in the Wilkins Law Firm or their present owner.

(Docket Entry No. 126 at 9-10).

This court also rejected Wilkins's argument that the turnover statute does not permit State Farm to reach his shares in the Wilkins Law Firm or his contingent fee interests because the Firm was not a party to the judgment against Wilkins. This court agreed that the Wilkins Law Firm was not subject to a turnover order, but concluded that "Wilkins himself is subject to a turnover order reaching any shares he owns in the law firm and any of his other property related to the firm and his legal practice, including contingent fee interests in cases or causes of action." (Docket Entry No. 126 at 9).

On August 7, 2008, Wilkins filed this motion for relief under Rule 60 or for a new trial. (Docket Entry No. 128). Wilkins's motion raises two issues. First, Wilkins contends that certain evidence, submitted for the first time in this motion, demonstrates that he has not owned any shares in the Wilkins Law Firm since 1998. (*Id.* at 2). Second, Wilkins contends that this court committed legal error. He argues that the Wilkins Law Firm should not be subject to the turnover order because the Firm "was not a party to the judgment that State Farm obtained against Wilkins." (*Id.* at 3). He asks the court to "enter an appropriate order that vacates any control over" the Wilkins Law Firm. (*Id.* at 5). Wilkins does not challenge the other aspects of this court's Order for Turnover and Appointment of Receiver.

**II.    Analysis**

    **A.    The Motion for Relief Under Rule 60**

Wilkins's motion does not identify the specific subsections of Rule 60 under which he seeks relief. Because the motion challenges a substantive ruling rather than clerical error,

it appears that Rule 60(b) applies. *Britt v. Whitmire*, 956 F.2d 509, 513-15 (5th Cir. 1992). Rule 60(b) permits a court to relieve a party from a final judgment under the following circumstances:

>    (1)   mistake, inadvertence, surprise, or excusable neglect;
>    (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>             . . .
>    (6)   any other reason that justifies relief.

FED. R. CIV. P. 60(b). Motions under Rule 60(b) are directed to the court's sound discretion.

Wilkins attached to his motion the following documents, neither of which were previously submitted: a purported Share Certificate, dated October 30, 1998, certifying a James A. McGuire as the holder of all 1,000 shares of the Wilkins Law Firm's issued stock, and a purported Share Transfer Ledger, indicating that all 1,000 shares were transferred to Mr. McGuire on October 30, 1998. (*Id.,* Exs. 2, 3). He asks the court to "revisit the turnover order pursuant to Rule 60 . . . in light of th[is] documentary evidence." (*Id.* at 5).

The documentary evidence attached to Wilkins's motion does not establish a basis for relief based on newly discovered evidence. "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639-640 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)

4

(citation omitted)). A judgment will not be reopened if the evidence was reasonably available before the judgment was entered. *Hesling,* 396 F.3d at 639-40. The documents that Wilkins submits for the first time in support of his claim that he owns no shares in the Wilkins Law Firm are dated October 30, 1998. (Docket Entry No. 128, Exs. 2, 3). Wilkins does not suggest that these documents, which he asserts were created nearly a decade ago, were not reasonably available to him before the judgment was entered. He has not established a basis for relief under Rule 60(b)(2).

Wilkins's contention that this court erred in asserting jurisdiction over the Wilkins Law Firm under the turnover statute does not establish a basis for relief under Rule 60(b)(1). This court never asserted such jurisdiction. Rather, the court's Order states that "[t]he Wilkins Law Firm is *not* subject to a turnover order because it was not a party to the judgment against Wilkins and there has been no finding that the Wilkins Law Firm is Wilkins's alter ego." (Docket Entry No. 126 at 9 (emphasis added)). The court instead held–and Wilkins's motion does not dispute–that "Wilkins himself is subject to a turnover order reaching any shares *he* owns in the law firm and any of *his* other property related to the firm and his legal practice, including contingent fee interests in cases or causes of action." (*Id.* (emphasis added)). This holding is consistent with the authority Wilkins cites. (Docket Entry No. 128 at 3-5).

Even if Wilkins had alleged an error with respect to the legal status of the Wilkins Law Firm, which he has not, there would be no basis for relief under Rule 60(b)(1). A motion for relief under Rule 60(b)(1) is "not a substitute for the ordinary method of

5

redressing judicial error–appeal." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983), *cert. denied*, 464 U.S. 826 (1983). Wilkins has not asserted unique or unusual circumstances showing that he is entitled to relief. *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." (citations omitted)); *Chick Kam Choo*, 699 F.2d at 695 (a petitioner warrants relief under Rule 60(b)(1) when he demonstrates that a mistake is attributable to special circumstances and not simply an erroneous legal ruling). Wilkins does not plead any legal error, much less "special circumstances" sufficient to warrant relief under Rule 60(b)(1).

Nor does Wilkins present a basis for relief under Rule 60(b)(6), which gives district courts the authority to vacate for "any other reason" than the five enumerated grounds on which a court may grant a Rule 60(b) motion. *See Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989), *cert. denied*, 493 U.S. 977 (1989). Relief under Section 60(b)(6) is to be granted "only if extraordinary circumstances are present." *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815-16 (5th Cir. 1993) (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (same); *C.P. Interests v. Cal. Pools, Inc.*, No. 01-20341, 2002 WL 496385, at *2 n. 5 (5th Cir. Mar. 20, 2002) (citing *Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977)) ("[R]ule 60(b)(6) is a[n] 'extraordinary remedy' available only in 'extraordinary circumstances.'"); *Pantoja v. Tex.*

*Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir. 1989), *cert. denied*, 497 U.S. 1024 (1990) (Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances."). Wilkins's motion presents arguments he has raised repeatedly. The motion does not present "extraordinary circumstances" required for relief from judgment under Rule 60(b)(6). *See Hess*, 281 F.3d at 216; *Kinnison v. Humana Health Plan of Tex., Inc.*, No. 06-355, 2007 WL 1700947, at *2 (S.D. Tex. June 8, 2007).

### B. The Motion for New Trial

Wilkins moves in the alternative for a new trial. Such a motion ordinarily would be analyzed under Rule 59(a), but this rule "applies only if a trial has actually been conducted." *Garden City Boxing Club, Inc. v. Collins*, 2006 WL 2037567, at *2 (S.D. Tex. July 18, 2006); *see also Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 & n. 1 (5th Cir. 1996); *United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 39-41 (5th Cir. 1992). The Order from which Wilkins appeals did not result from a trial. Rule 59(a) does not apply. Because the final judgment did not result from a trial, the motion for a new trial should be characterized as a motion to alter or amend a judgment and analyzed under Rule 59(e). *See Harcon Barge Co. v. D&G Boat Rentals, Inc.,* 784 F.2d 665, 669-70 (5th Cir. 1986) ("[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4-67 (1985))); *see also Piazza's Seafood World*, 448 F.3d at 748 n.9 (characterizing motion for new trial

7

after summary judgment as a Rule 59(e) motion); *One 1988 Dodge Pickup*, 959 F.2d at 39-41 (characterizing motion for new trial after default judgment as a Rule 59(e) motion).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issues.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479; *see also* 11 Charles A. Wright et al., FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). Because granting a Rule 59(e) motion is such an extraordinary remedy, the Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

The issues raised in Wilkins's motion establish no basis for relief under Rule 59(e). Wilkins seeks to present evidence that he could have presented earlier to rebut the evidence presented by State Farm about his ownership of the Wilkins Law Firm shares. And he raises an issue of law that already was settled–in Wilkins's favor–in this court's original Order.

8

Wilkins has, in sum, failed to present any new evidence or error of law that would warrant the "extraordinary relief associated with the granting of a motion for reconsideration" under Rule 59. *Templet*, 367 F.3d at 479-80.

## III. Conclusion

Wilkins's motion for relief under Rule 60, or for a new trial, is denied.

SIGNED on September 10, 2008, at Houston, Texas.

                                            Lee H. Rosenthal
                                        United States District Judge